## DANIEL v. DRURY.

(Court of Appeals of District of Columbia. Submitted February 6, 1920. Decided June 2, 1920.)

No. 3303.

1. Brokers ⚙61(1)—Right to commission for furnishing lender not affected by defective condition of title.

One employed to secure a loan on certain property is entitled to compensation, where he has furnished one ready, able, and willing to make a loan, although no loan is made by reason of the defective condition of the title to the property.

2. Limitation of actions ⚙46(7)—Statute does not run against broker until proposed lender was furnished.

Statute of limitations did not begin to run against a broker, so as to bar a right of action for compensation, at the date of his contract for services, but at the date of his furnishing a person ready, able, and willing to make a loan as provided by the contract.

Appeal from the Supreme Court of the District of Columbia.

Action by D. H. Roland Drury against T. Cushing Daniel. Judgment for plaintiff, and defendant appeals. Affirmed.

P. H. Marshall and C. H. Merillat, both of Washington, D. C., for appellant.

Webster Ballinger, of Washington, D. C., for appellee.

SIDDONS, Justice (sitting in the place of Associate Justice Robb). This is an action at law brought by the appellee, Drury, against Daniel, the appellant, to recover a commission of $375 for procuring a loan of $7,500 to be secured upon certain real estate in the District of Columbia; the claim arising out of the alleged performance by the appellee of certain terms of a written contract, a copy of which is attached to and made a part of the declaration filed by the appellee.

To the first count of the declaration, the appellant pleaded non assumpsit, nil debet, and the statute of limitations; the first count declaring on an express assumpsit. To the second count, which contains the common counts, the appellant pleaded in the same way. Issue was joined on these pleas and the case was tried to a jury.

The record discloses that there was evidence from which the jury would be warranted in finding, as it did: (1) That appellant's brother was authorized by him to enter into the written contract with the appellee, out of which the cause of action arose; (2) that within the time prescribed by that contract the appellee found a person ready, able, and willing to make the loan to the appellant which was the object of the agreement, and so notified the appellant through his brother, the agent, within a week of the date of the contract, which was February 18, 1913; (3) that through said brother of the appellant, he ordered, shortly after February 24, 1913, a title company to examine the title to the property that the appellant was to give as security for the loan as required by the said contract; (4) that on May 7, 1913, the brother

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

notified the appellee that a good title to the property could not be furnished, and thereupon the proposed lender made other investments of the funds that until then had remained in bank for use in making the loan to the appellant.

[1] This evidence showed performance by the appellee of the stipulations of the contract, on his part to be performed, and entitled him to receive from the appellant payment of the agreed commission, to recover which the present action was brought.

Although ten errors were assigned according to the record half this number only are urged in appellant's brief, and the case was submitted without argument. Of the five discussed in the brief, we deem it necessary to consider but one; the remainder having, we think, no merit. This one, however may be treated as included in assigned errors 1 and 9, and presents the defense of the statute of limitations which was properly pleaded.

[2] These alleged errors rest upon the theory that the appellee's cause of action arose on February 18, 1913, the date of the contract between the parties, and, if this were so, the appellant's motion for a directed verdict should have been granted. But the premise of this contention is plainly a mistaken one, as a cursory examination of the contract clearly shows. That contract is executory in its nature, and required the appellee to procure the loan desired, and notice of the fact to the appellant, within 15 days from its date, and the appellee was then, in the language of the contract, to "cause the title to be examined and for your services thus far in this behalf I agree to pay you a commission of 5 per cent. upon the amount of loan above mentioned." We have already pointed out that there was evidence from which the jury were warranted in finding that the appellee did the things required of him, thus earning the stipulated commission, within the time limit of the contract, and understanding that the action was instituted on February 19, 1916, it was commenced in time by at least five days and probably longer. The defense of limitations thus fails.

Of course, the appellee was not responsible for the defective condition of the title to appellant's property offered as security for the proposed loan, as disclosed by the title company's report, and his right to be paid for the services rendered by him pursuant to the contract was not affected thereby.

The remaining errors pressed upon our attention by the appellant's brief all proceed upon the theory that there was no competent evidence from which a jury should have been permitted to find that the appellee produced a person ready, able, and willing to make the loan desired by the appellant. We have examined the record with care, and find no reversible error in the action of the trial court in these respects, and the judgment appealed from must therefore be affirmed, with costs to the appellee.

Affirmed.